IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| YOLONDA DELEON and<br>SIRENA STELL, individually and on<br>behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MEDICALODGES, INC.,<br><br>*Defendant*. | Case No. 2:23-CV-2224-EFM |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Motion for Conditional Certification and Notice (Doc. 23). Plaintiffs Yolanda Delon and Sirena Stell bring this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleging that Defendant Medicalodges, Inc. willfully failed to pay certain certified nursing assistants ("CNAs") all wages due, including overtime premiums.

For the reasons explained below, the Court grants Plaintiffs' motion to conditionally certify the collective action but limits the class to CNAs Defendant hired via Shiftkey during the relevant period. The Court instructs Defendant to give Plaintiffs an electronic list of all individuals meeting the class description, after which Plaintiffs may notify putative plaintiffs that they have 90 days to opt into the collective action. Lastly, the Court grants Plaintiffs' request for a three-year statute of limitations but denies any additional equitable tolling.

-2-

## I. Factual and Procedural Background[1]

Defendant Medicalodges owns, operates, and manages various nursing home facilities throughout Kansas, Missouri, and Oklahoma. Over the past 25 years, Plaintiffs Yolonda Deleon and Sirena Stell worked off and on for Defendant as CNAs. Between 2019 and 2022, Plaintiffs began working for Defendant full time. Defendant hired Plaintiffs through an app called Shiftkey, which functions as a third-party staffing company. CNAs may use the app to pick up shifts from a list of available shifts inputted into Shiftkey.

When CNAs register for a Shiftkey account, they receive a document asserting that CNA applicants will be placed as independent contractors regardless of their actual work conditions. However, based on their work conditions and relationship with Defendant, Plaintiffs allege that they were misclassified as independent contractors and should have been classified as employees instead.

Under the FLSA, employees are entitled to receive overtime pay but independent contractors are not. Defendants maintain that Plaintiffs are independent contractors. Thus, even though Plaintiffs often work more than 40 hours per week, Defendant refuses to pay them overtime compensation. Plaintiffs argue that Defendant cannot avoid the FLSA's requirements by offloading payroll and human resources functions to a third-party company. By doing so, Plaintiffs allege that Defendant engages in willful, systemic, company-wide policies and practices that deprive Plaintiffs and other similarly situated CNAs of compensation for all hours worked and overtime pay.

---

[1] The facts in this section are taken from the Plaintiffs' Complaint and supporting documents in their Motion for Conditional Certification and Notice.

In support, Plaintiffs allege that Defendant—not Shiftkey—established and enforced their rules and working conditions, failed to pay overtime premiums, and regularly directed CNAs to work "off the clock." Despite Defendant's job postings confirming that CNAs perform the same duties across all locations, conventionally hired CNAs are considered employees protected under the FLSA, whereas Shiftkey hired CNAs are considered independent contractors entitled to no FLSA protection.

Based on these facts, Plaintiffs filed this Motion for Conditional Certification and Notice on September 15, 2023. Plaintiffs seek to add to their collective "all Certified Nursing Assistants who worked in Medicalodges facilities through Shiftkey in the last three years." Plaintiff asks the Court to require Defendant to provide them with an electronic list of all individuals meeting the class description so that they may notify putative plaintiffs of this action. Plaintiffs request that putative plaintiffs be given 90 days to opt into this action. Because Plaintiffs believe that Defendant committed FLSA violations willfully, they ask for a three-year statute of limitations and equitable tolling. On October 6, 2023, Defendant responded to Plaintiffs' Motion, and Plaintiffs replied on October 20, 2023. Plaintiffs' Motion is now ripe for ruling.

## II.     Legal Standard

The FLSA permits legal action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[2] Unlike class actions pursuant to Federal Rules of Civil Procedure 23(b)(3), a collective action brought under the FLSA includes only those similarly-situated individuals who opt into the class.[3] But the FLSA

---

[2] 29 U.S.C. § 216(b).

[3] *See id.* (stating that employees must give written consent to become party plaintiffs).

does not define what it means to be "similarly situated."[4] Thus, the Tenth Circuit has approved an *ad hoc*, two-step approach to § 216(b) certification claims.[5] This approach helps courts determine whether putative opt-in plaintiffs are similarly situated to the named plaintiff.[6]

First, in the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."[7] The notice stage "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[8] "The standard for conditional certification at the notice stage is lenient and typically results in certification for the purpose of notifying potential plaintiffs."[9] In reviewing a motion for conditional certification, "the court does not weigh evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims."[10] Generally, this Court has limited the scope of review on a motion for conditional certification to the allegations in the plaintiff's complaint and supporting affidavits.[11]

The second step occurs after discovery, often prompted by defendants filing a motion to decertify.[12] Because this case has not yet reached discovery, the Court will only evaluate the first step.

---

[4] *Lundine v. Gates Corp.*, 2020 U.S. Dist. LEXIS 64985, at *3 (D. Kan. Apr. 14, 2020).

[5] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

[6] *Id.* at 1102-03.

[7] *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

[8] *Thiessen*, 267 F.3d at 1102 (citations omitted).

[9] *Blair v. Transam Trucking, Inc.*, 309 F. Supp. 3d 977, 1001 (D. Kan. 2018)

[10] *Koehler v. Freightquote.com, Inc.*, 93 F. Supp. 3d 1257, 1263 (D. Kan. 2015) (quoting *Folger v. Medicalodges, Inc.*, 2014 U.S. Dist. LEXIS 86286, at *3 (D. Kan. June 25, 2014)).

[11] *See, e.g.*, *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 908 (D. Kan. 2021); *Renfro v. Spartan Comput. Servs., Inc.*, 243 F.R.D. 431, 434 & n.4 (D. Kan. 2007).

[12] *Thiessen*, 276 F.3d at 1102–03.

### III.   Analysis

**A.   Conditional Certification**

Plaintiffs move to conditionally certify "all Certified Nursing Assistants who worked in Medicalodges facilities through Shiftkey in the last three years." In support, both Plaintiffs provide their own affidavits, various Medicalodges job postings, and a copy of Medicalodges's company-wide personnel policies. Defendant opposes Plaintiffs' motion, asserting that Plaintiffs fail to (1) offer substantial allegations that they and the putative plaintiffs are similarly situated, (2) prove that they were Defendant's employees under the FLSA, and (3) demonstrate how certification maximizes judicial efficiency. The Court will consider each argument in turn.

*1.   Similarly Situated*

In their Complaint and supporting evidence, Plaintiffs allege that Defendant established and enforced the CNA rules and working conditions, failed to pay overtime premium to CNAs, directed CNAs to regularly worked "off the clock," and hired CNAs to perform the same job duties across all of its locations.

Defendant argues that Plaintiffs fail to provide sufficient evidence—beyond their own allegations—to support certification. Defendant claims that Plaintiffs' evidence rests solely on their affidavits, which alone are insufficient to support the "substantial allegations" threshold required for conditional certification. Because of this, Defendant asserts that Plaintiffs have not shown that the class members are similarly situated victims of a single decision, policy, or plan.

However, Defendant's arguments about the legitimacy of Plaintiffs' supporting evidence are premature.[13] Although plaintiffs must provide more than their own speculative allegations,[14]

---

[13] *See Prince v. Kan. City Tree Care, LLC*, 2020 U.S. Dist. LEXIS 103859, at *3 (D. Kan. June 15, 2020).

[14] *See Blancarte v. Provider Plus, Inc.*, 2012 U.S. Dist. LEXIS 137665, at *9 (D. Kan. Sep. 26, 2012).

the notice stage does not require courts to consider the merits of plaintiffs' claims nor weigh the evidence.[15] Rather, courts will consider the allegations in the plaintiffs' complaint and supporting documentation to determine if there are substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.[16] Here, given that at least two plaintiffs assert FLSA violations under oath,[17] the Court finds that the allegations in Plaintiffs' Compliant and supporting documents are substantial enough to meet the lenient standard that the notice stage requires.

### 2.   *Proof of Employment & Judicial Efficiency*

Plaintiffs argue that the Court should not substantively evaluate Plaintiffs' employment status because doing so would necessitate a merits evaluation, which is inappropriate at this stage of the case. Thus, for the purposes of this motion, Plaintiffs ask this Court to assume the truth of their factual allegations: that is, they are employees.

Defendant responds with two arguments. First, Defendant claims that Plaintiffs cannot prove that their proposed class members are similarly situated unless they can first prove that Plaintiffs themselves are considered employees under the FLSA. Second, Defendant contends that because Plaintiffs are not employees, the Court should not waste its resources by allowing Plaintiffs to continue towards litigation.

---

[15] *Cox v. Lab. Source, LLC*, 2023 U.S. Dist. LEXIS 180752, at *3 (D. Kan. Oct. 6, 2023).

[16] *Id.* at *9; *Heitzman v. Calvert's Express Auto Serv. & Tire, LLC*, 2022 U.S. Dist. LEXIS 183616, at *10 (D. Kan. Oct. 6, 2022).

[17] *Cf. Blancarte*, 2012 U.S. Dist. LEXIS 137665, at *9 ("Plaintiff himself is the lone example of a [worker] being required to work off-the-clock over the lunch hour. Although his affidavit is couched in terms of 'we' and 'our,' Plaintiff does not name a single co-worker who shares his concerns, or one willing to provide an affidavit or desire to opt-in to the litigation.").

As previously noted, however, the Court "does not require any quantum of evidence to be produced at the notice stage."[18] This includes arguments concerning judicial efficiency.[19] Because determining judicial efficiency is an individualized and fact-intensive inquiry, it must be evaluated at the second stage—decertification—rather than at the notice stage.[20] Therefore, just as the Court cannot now weigh the strength of Plaintiffs' evidence to resolve their employment status, it will likewise decline to opine on the issue of judicial efficiency given this stage of the case.

Because the Court grants Plaintiff's conditional class certification, the Court also grants Plaintiffs' request that Defendant provide Plaintiffs with an electronic list of all individuals meeting the class description, within 14 days of the entry of this Order.

**B.     Time Period**

*1.     Statute of Limitations*

Plaintiffs ask the Court to apply a three-year statute of limitations plus any applicable tolling, alleging that Defendant willfully violated the FLSA. Defendant claims that Plaintiffs fail to establish a willful violation of the FLSA, and therefore, the Court should only certify the class under a two-year limitations period.

Generally, FLSA actions must commence within two years after the cause of action accrued.[21] However, causes of action arising out of a willful violation may be commenced within three years after the cause of action accrued.[22] To establish a willful violation on Defendants' part,

---

[18] *McCoy v. Over Easy Mgmt. Inc.*, 2015 U.S. Dist. LEXIS 46202, at *10 (D. Kan. Apr. 9, 2015).

[19] *See Blair*, 309 F. Supp. 3d at 1013 (grouping judicial efficiency into the decertification stage instead of the notice stage); *see also Jackson v. Powersat Communs.*, 2021 U.S. Dist. LEXIS 132052, at *12–14 (D.N.M. July 14, 2021) (disregarding defendant's judicial efficiency argument at the notice stage and distinguishing its relevance at the decertification stage).

[20] *See Blair*, 309 F. Supp. 3d at 1013.

[21] 29 U.S.C. § 255(a).

[22] *Id.*

Plaintiffs "must show that the 'employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'"[23] However, the Court does not require the plaintiff to present specific facts supporting a willful violation at the notice stage.[24] Rather, the Court will approve three-year notice periods based on the plaintiff's allegations of willfulness and determine substantive willfulness at a later stage.[25] Because Plaintiffs allege that Defendant committed FLSA violations willfully, the Court grants a three-year statute of limitations for the purposes of certification and notice.

    *2.    Additional Tolling*

In addition to their request for a three-year statute of limitations, Plaintiffs also ask the Court to grant "any applicable tolling." Although the Tenth Circuit has not addressed equitable tolling in an FLSA collective action, this Court has held that such tolling may be appropriate under certain circumstances.[26] The Court typically examines several factors to decide whether tolling is appropriate, and generally declines to grant "blanket" tolling for hypothetical plaintiffs until both parties have had an opportunity to address the relevant factors.[27] In the absence of any substantive briefing from Plaintiffs on the issue, the Court declines to grant equitable tolling for individuals who are not yet parties to the case.

**C.**    **Proposed Notice & Consent Form**

At the end of their Motion, Plaintiffs attach a proposed Notice and Consent Form. In it, Plaintiffs identify the collective class, describe how the action arose, detail the consequences of

---

[23] *Prince v. Kan. City Tree Care, LLC*, 2023 U.S. Dist. LEXIS 39948, at *31 (D. Kan. Mar. 9, 2023) (*quoting McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

[24] *Allen v. Mill-Tel, Inc.*, 2012 U.S. Dist. LEXIS 96344, at *17 (D. Kan. July 12, 2012).

[25] *Gambrell v. Weber Carpet, Inc.*, 2010 U.S. Dist. LEXIS 134095, at *4 (D. Kan. Dec. 17, 2010).

[26] *See Koehler*, 93 F. Supp. 3d at 1267 (collecting cases).

[27] *Heitzman*, 2022 U.S. Dist. LEXIS 183616, at *22.

opting into the action, and provide contact information. Defendant objects to Plaintiffs' proposed notice, claiming that Plaintiffs have improperly (1) defined the collective and (2) extended the amount of time to opt into the action.

The benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[28] "Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary."[29] Therefore, although the Court will address Defendant's objections to Plaintiffs' proposed notice, it will only make alterations when necessary.

### 1. Definition of Collective

Plaintiffs ask this Court to notify the following FLSA collective: "All Certified Nursing Assistants who worked in Medicalodges facilities through Shiftkey in the last three years." Then in their proposed notice form, Plaintiffs identify class members as "individual[s] who worked at Medicalodges as CNAs or other like hourly employees."

Although the Court "looks for similar, not identically situated parties" for conditional certification,[30] the class Plaintiffs identify in their proposed notice form is significantly broader than the class they originally identified in their Motion. Thus, the Court agrees with Defendants that "other like hourly employees" over-includes various Medicalodges hires who have different job duties, payment structures, and supervision systems than CNAs.[31] As such, the Court limits

---

[28] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

[29] *Prince*, 2020 U.S. Dist. LEXIS 103859, at *8 (citation omitted).

[30] *James*, 522 F. Supp. 3d at 913.

[31] *Cf. Cox*, 2023 U.S. Dist. LEXIS 180752, at *7, 16 (demonstrating that the language used to identify the class of individuals mirrored the disputed language in the proposed notice form).

the FLSA collective to "all Certified Nursing Assistants who worked in Medicalodges facilities through Shiftkey in the last three years."

2.  *Opt-In Period*

Lastly, Plaintiffs propose that putative plaintiffs be allowed to file their consent forms 90 days from the date the third-party administrator sends notice. Plaintiffs provide no specific rationale as to why they request 90 days. However, district courts within the Tenth Circuit regularly find opt-in periods up to 90 days to be reasonable.[32]

Defendant objects to the length of Plaintiffs' proposed period but also provides no specific rationale for requesting to reduce the timeframe to 60 days. Because Defendant has failed to demonstrate why an alteration is necessary, the Court grants Plaintiff's request for a 90-day opt-in period.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Conditional Certification and Notice (Doc. 23) is **GRANTED in part** and **DENIED in part**. The Court conditionally certifies a collective action for the following class of persons: All Certified Nursing Assistants who worked in Medicalodges facilities through Shiftkey in the last three years.

**IT IS FURTHER ORDERED** that Plaintiffs' request for setting the statute of limitations at three years is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for equitable tolling of the statute of limitations is **DENIED**.

---

[32] *Heitzman* 2022 U.S. Dist. LEXIS 183616, at *17 ("Absent a specific argument by Defendant about why 60 days would be prejudicial, or why it is more appropriate here, the Court grants Plaintiff's request for a 90-day opt-in period."); *Wass v. NPC Int'l, Inc.*, 2011 U.S. Dist. LEXIS 32761 at *35 (D. Kan. Mar. 28, 2011) (describing a 60-day opt-in period as "unusually short"); *see also Landry v. Swire Oilfield Servs., LLC*, 252 F. Supp. 3d 1079, 1131 (D.N.M. 2017); *Darrow v. WKRP Mgmt., LLC*, 2012 U.S. Dist. LEXIS 24997, *23 (D. Colo. Feb. 28, 2012).

**IT IS FURTHER ORDERED** that Plaintiffs remove any reference to "other like hourly employees" from their proposed Notice and Consent Form or seek leave to file a second amended complaint.

**IT IS FURTHER ORDERED** that Plaintiffs' request for a 90-day opt-in period for putative plaintiffs to file their consent forms is **GRANTED**.

**IT IS FURTHER ORDERED** that that Defendant provides Plaintiffs with an electronic list of all individuals who meet the above class description, including their names, addresses, dates of first shift worked and most recent shift worked, job titles, work locations, e-mail addresses, and telephone numbers, within 14 days of the entry of this Order.

**IT IS SO ORDERED.**

Dated this 1st day of April, 2024.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE